UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER SHERMAN LEGARDY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:22-cv-01881 KJM AC PS<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is proceeding in this action pro se.  The matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

## I. SCREENING

    The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

    Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000) (en banc).

## II.  THE COMPLAINT

Plaintiff sues the State of California, the County of Sacramento, the City of Sacramento, and the Sacramento Kings basketball team for "unconstitutional excessive taxes, right to property (the taxes are paid)."  ECF No. 1 at 3, 4.  Plaintiff alleges "property businesses and money none have been taken by the defendants."  Id. at 6.  Plaintiff asks for one trillion dollars in damages.  Id. at 7.  Plaintiff attaches several pages to his complaint that are difficult to decipher and are seemingly disconnected.  On one page he mentions fire retardant and states he spent 3 million dollars in relation to a "helicopter hawk drone plant."  Id. at 8.  He also attaches a letter directed to the California Department of Forestry and Fire Protection that appears to request property upgrades on Mather Air Force Base.  Id. at 9.  A few pages later, plaintiff attaches a letter stating that for 35 years, he has been contacting Congresswoman Doris Matsui requesting that the Senate finance committee pay for requested projects.  Id. at 13.  He then attaches a letter to President Joe Biden about a robbery that occurred in 1976.  Id. at 16.  Finally, he attaches several pages of what appear to be military personnel records.  Id. at 17-20.

## III.  FAILURE TO STATE A CLAIM

The complaint does not contain facts supporting any cognizable legal claim against any defendant.  The court finds that the complaint consists entirely of fanciful and delusional allegations with no basis on law and no plausible supporting facts.  See ECF No. 1.  The contents of the complaint are sufficiently unintelligible to make it clear that leave to amend in this case would not be fruitful.  The undersigned will therefore recommend that the complaint be dismissed with prejudice.

## IV.  PRO SE PLAINTIFF'S SUMMARY

Your case cannot proceed in federal court because it contains no legal basis for a lawsuit, and there are not any facts that can support a legal claim.  You are not being required to pay the filing fee, but it is being recommended that your complaint be dismissed.  You may object in writing to this recommendation if you disagree.

////

////

V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: October 26, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE